[Cite as *State v. Wiewall*, 2016-Ohio-5154.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 16AP-33 |
| | | (C.P.C. No. 14CR-5917) |
| Gregory Wiewall, | : | |
| Defendant-Appellant. | : | (REGULAR CALENDAR) |

D E C I S I O N

Rendered on July 28, 2016

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Sheryl L. Prichard*, for appellee.

**On brief:** *Brian J. Rigg*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Gregory Wiewall is appealing from his conviction on a charge of felonious assault. He assigns a single error for our consideration:

> THE VERDICT IS AGAINST THE SUFFICIENCY AND MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 2} Sufficiency of the evidence is the legal standard applied to determine whether the case should have gone to the jury. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). In other words, sufficiency tests the adequacy of the evidence and asks whether the evidence introduced at trial is legally sufficient as a matter of law to support a verdict. *Id.* "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential

elements of the crime proven beyond a reasonable doubt."  *State v. Jenks,* 61 Ohio St.3d 259 (1991), paragraph two of the syllabus, following *Jackson v. Virginia*, 443 U.S. 307 (1979).  The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier of fact.  *Jenks* at 273.  If the court determines that the evidence is insufficient as a matter of law, a judgment of acquittal must be entered for the defendant.  *See Thompkins* at 387.

{¶ 3}  Even though supported by sufficient evidence, a conviction may still be reversed as being against the manifest weight of the evidence.  *Thompkins* at 387.  In so doing, the court of appeals, sits as a " 'thirteenth juror' " and, after " 'reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' "  *Id.* (quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983)); *see also Columbus v. Henry*, 105 Ohio App.3d 545, 547-48 (10th Dist.1995).  Reversing a conviction as being against the manifest weight of the evidence should be reserved for only the most " 'exceptional case in which the evidence weighs heavily against the conviction.' "  *Thompkins* at 387.

{¶ 4}  As this court has previously stated, "[w]hile the jury may take note of the inconsistencies and resolve or discount them accordingly, *see* [*State v.*] *DeHass* [10 Ohio St.2d 230 (1967)], such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence."  *State v. Nivens*, 10th Dist. No. 95APA09-1236 (May 28, 1996).  It was within the province of the jury to make the credibility decisions in this case.  *See State v. Lakes* 120 Ohio App. 213, 217 (4th Dist.1964), ("It is the province of the jury to determine where the truth probably lies from conflicting statements, not only of different witnesses but by the same witness.")

{¶ 5}  *See State v. Harris*, 73 Ohio App.3d 57, 63 (10th Dist.1991) (even though there was reason to doubt the credibility of the prosecution's chief witness, he was not so unbelievable as to render verdict against the manifest weight).

{¶ 6}  Felonious assault is defined in R.C. 2903.11:

No person shall knowingly do either of the following:

(1) Cause serious physical harm to another or to another's unborn;

(2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance.

{¶ 7}   Aggravated assault is defined in R.C. 2903.12:

(A) No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly:

(1) Cause serious physical harm to another * * *[.]

{¶ 8}   There is no serious debate about whether or not Wiewall swung a baseball bat and hit James Dunaway in the face, breaking Dunaway's nose and bones near his eyes. Thus, the testimony at trial clearly showed that Wiewall was guilty of felonious assault unless either the defense of self-defense applied or Wiewall acted under the kind of provocation contemplated to lower the offense to aggravated assault.

{¶ 9}   Wiewall had the burden of proving to the jury that he acted in self-defense. At the time that Wiewall hit Dunaway in the face, three Columbus police officers were present.  The officers had been summoned to end the confrontation between the two men, both of whom were visibly injured.  The officers had also been trying to sort out who was at fault for the altercation.

{¶ 10} At the time Wiewall swung the bat, he was not in imminent danger of serious physical harm or death so he was not entitled to use deadly force to defend himself.  A baseball bat is a deadly weapon when swung at another's head.  It is quite capable of inflicting death and did inflict serious physical harm on Dunaway.  Under the circumstances, the jury's rejection of self-defense as justification for Wiewall's actions was appropriate.

{¶ 11} The jury in its deliberations also had the option to apply the lesser offense of aggravated assault to the facts before them.  The jury did not do so.  The situation had been developing over an extended period of time.  Whatever passion or rage was present

was not sudden. Police had been summoned and had talked to the two men. The men had had time to allow their passions or rage to cool. Wiewall was still angry as the police wrapped up their investigation and may have been further angered by the fact that the police did not arrest Dunaway for what happened before the police arrived.

{¶ 12} Again, whatever anger or passion was present when Wiewall swung the baseball bat was not a sudden anger or passion. The jury appropriately rejected the lesser offense of aggravated assault.

{¶ 13} Because of the foregoing, the jury's verdict was not inconsistent with the manifest weight of the evidence. The verdict was also supported by legally sufficient evidence. The single assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

SADLER and HORTON, JJ., concur.